**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JTH TAX, LLC,
d/b/a Liberty Tax Services
and SiempreTax+ LLC,

                   Plaintiff,

v.                                             ACTION NO. 2:22cv383

BASSAM YOUNAN,
d/b/a Zaya Financial Group,

                   Defendant.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

By order of reference dated December 14, 2022 (ECF. No 28) and pursuant to 28 U.S.C.

§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, this case was

referred for a report and recommendation on defendant Bassam Younan's motion to dismiss or, in

the alternative, to transfer venue (ECF No. 16).

For the reasons stated herein, the Court **RECOMMENDS** that defendant's motion be

**DENIED.**

      **I.**      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 13, 2022, plaintiff JTH Tax, LLC ("JTH Tax"), filed a four-count complaint

against defendant Bassam Younan ("Younan"). Compl., ECF No. 1. In the complaint, JTH Tax

asserts four claims: (1) it suffered irreparable injuries when Younan failed to comply with post-

termination obligations to return confidential information and not engage in competition or

solicitation (count one), *id.* ¶¶ 60–75; (2) it suffered damages because Younan did not make the

required royalty payments and violated the noncompete and non-solicitation covenants (count two), *id.* ¶¶ 76–82; (3) Younan was unjustly enriched by using the unreturned confidential information (count three), *id.* ¶¶ 83–88; and (4) Younan engaged in common law conversion through his failure to return JTH Tax's confidential information (count four), *id.* ¶¶ 89–95.

The complaint alleges the following facts, among others. JTH Tax, a Delaware corporation with a principal place of business in Virginia Beach, Virginia, sells franchises engaged in preparing tax returns. *Id.* ¶¶ 8–9, 16–17. In 2016, Younan, a resident of Los Angeles, California, entered into two franchise agreements with JTH Tax to establish and operate a tax service franchise in a territory located in Los Angeles, California.[1] *Id.* ¶¶ 10, 24–25; Compl. Ex. A, ECF No. 1-1; Compl. Ex. B, ECF No. 1-2. Along with the purchase and operation of his tax franchises, JTH Tax trained Younan using an online program developed in Virginia, and Younan had an obligation to submit reports to, and communicate with, persons located at JTH Tax's Virginia Beach headquarters. Compl. ¶¶ 28, 30; Compl. Ex. A, § 7; Decl. of Brian Ashcraft in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss or in the Alternative to Transfer Venue ¶¶ 11, 15–20, ECF No. 22-1.

As a part of the franchise agreements, Younan agreed to remit to JTH Tax a monthly advertising fee and royalty payments. Compl. ¶ 29; Compl. Ex. A, § 4(d), (f). JTH Tax claims

---

[1] Although JTH Tax and Younan entered into two separate agreements, one for a Liberty Tax Service franchise (serving English speakers) and the other for a SiempreTax franchise (serving Spanish speakers), they contain largely the same language and describe an identical franchisee territory. *See* Compl. Ex. A, ECF No. 1-1; Compl. Ex. B, ECF No. 1-2. Notably, the franchise agreements prescribe the same post-termination obligations, define confidential information in the same way, feature the same forum selection clause, and require Younan to send notice to the same address and phone number. *See* Compl. Ex. A, §§ 9–10, 12, 17, 20; Compl. Ex. B, §§ 9–10, 12, 17, 20. The differences between the two documents are immaterial, involving party names, languages in which tax services are to be provided, and minor addenda. *See* Compl. Ex. A, 2, 4; Compl. Ex. B, 2, 4, 30–33. As a result, the Court will cite to only one of the agreements, Exhibit A to the complaint. *See* Compl. Ex. A.

that due to the alleged failure to make such payments, Younan owes JTH Tax $115,944.85. Compl. ¶ 40.

In response to these and other alleged breaches, JTH Tax terminated Younan's franchise rights on January 26, 2022. *Id.* ¶ 43. Pursuant to the franchise agreements, following termination, Younan was required to transfer customers' contact and business information, return confidential information, and adhere to covenants not to compete or solicit certain prior customers for business. *Id.* ¶ 44. Younan allegedly failed to comply with such terms by retaining customer files and continuing to engage in a competing tax preparation business from the same location as before the termination. *Id.* ¶¶ 45, 47, 49.

The franchise agreements contain a clause in which Younan expressly consents to venue and personal jurisdiction in the Eastern District of Virginia, Norfolk Division, in lawsuits that JTH Tax initiates. Compl. Ex. A, § 17(b) ("In any suit brought by . . . Liberty . . . you consent to venue and personal jurisdiction in the state and federal court of the city or county of Liberty's National Office (presently Virginia Beach, Virginia state courts and the United States District Court in Norfolk, Virginia)."). And the parties agreed that Virginia law governs claims arising out of the franchise agreements. *Id.* § 17(a) ("Virginia law governs all claims that in any way relate to or arise out of this Agreement or any of the dealings of the parties hereto . . . ."). Accordingly, JTH Tax filed the complaint in this Court and seeks injunctive relief, damages, and attorneys' fees and costs. Compl. 18–19.

In response to the complaint, Younan moved to dismiss or transfer venue. Def.'s Mot. to Dismiss or in the Alternative to Transfer Venue, ECF No. 16. In the motion, Younan seeks dismissal of the case under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or

transfer of the case to the United States District Court for the Southern District of California[2] under

28 U.S.C. § 1404(a). *Id.* Younan argues that the Eastern District of Virginia is an improper venue

because the law of California, where the disputed franchise is located, prohibits selecting a venue

outside California. Def.'s Br. in Supp. of Mot. to Dismiss or in the Alternative to Transfer Venue

("Def.'s Br.") 3–6. Younan further contends that, even if venue in this district is proper, transfer

is appropriate because events giving rise to this action occurred in California and a suit in this

district would impose hardship on him. *Id.* at 7–8. As the pending motion is fully briefed, this

matter is ripe for consideration.

## II.   STANDARD OF REVIEW

A party may seek to dismiss or transfer a case on the ground that venue is "improper." Fed.

R. Civ. P. 12(b)(3); *see* 28 U.S.C. § 1406(a) (authorizing dismissal or transfer of a case, based on

the interest of justice, to another district or division in which such case could have properly been

brought). If a defendant moves to dismiss for improper venue, a plaintiff need only make a prima

facie showing of venue, and the facts are construed in the light most favorable to the plaintiff.

*Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 925 (E.D. Va. 2017) (first

citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004), and then citing *Aggarao v. MOL Ship*

---

[2] Younan argues that the transfer should be to the Southern District of California because Younan's conduct that allegedly gives rise to this case and the property sought for recovery are located in that district. Def.'s Br. in Supp. of Mot. to Dismiss or in the Alternative to Transfer Venue 7, ECF No. 17. JTH Tax also repeatedly refers to the Southern District of California as the proposed transferee district. Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss or in the Alternative to Transfer Venue ("Pl.'s Mem.") 1, 20, 26, ECF No. 22. However, the parties are mistaken as to the proposed transferee district. Younan's conduct in this case occurred in, and property sought for recovery is located in, Los Angeles, California, in the Central District of California. *See* ¶¶ 10–11 (pleading that Younan's home and business are in Los Angeles); Compl. Ex. A, 29 (showing that the franchise territory is in Los Angeles); *see also Jurisdiction Map for the Central District of California*, U.S. Dist. Ct. for the Cent. Dist. of Cal., https://www.cacd.uscourts.gov/jurisdiction (last visited Mar. 1, 2023). Thus, the Court will construe the Central District of California as Younan's proposed transferee district.

*Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir. 2012)). In determining whether a plaintiff has met this standard, "the court is permitted to consider evidence outside the pleadings." *Aggarao*, 675 F.3d at 365–66.

Venue analysis "depends *exclusively* on whether the court in which the case was brought satisfies the requirements of *federal* venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013) (emphases added). Typically, this venue inquiry turns upon "whether the case falls within one of the three categories set out in § 1391(b)." *Id.* at 56. That is, venue is proper in a federal judicial district: (1) where any defendant resides, if all defendants reside in the same state, (2) where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" or (3) where a defendant is subject to personal jurisdiction at the time the action commences, if there otherwise is no district in which the action may be brought. 28 U.S.C. § 1391(b)(1)–(3).

If venue is proper in the judicial district in which a complaint is originally filed, a party may move to change venue pursuant to 28 U.S.C. § 1404. A district court has the discretion to transfer a case to any other district or division in which a plaintiff could have also properly filed suit "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This grant of authority to change venue from one district to another seeks to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26 (1960)). A party seeking such a transfer bears the burden of proving entitlement to it. *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 325 (E.D. Va. 2004).

A court assessing a motion to transfer venue using its discretionary authority under section 1404(a) must first ask whether the claims could have been brought in the transferee forum, and then consider whether the public interest in justice and private convenience of the parties and witnesses warrant a venue transfer. *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007). As for the latter inquiry, courts consider "the following four factors: (1) the plaintiff's [initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *Id.* at 736 (quoting *Precision Franchising, LLC v. Coombs*, No. 1:06cv1148, 2006 WL 3840334, at *2 (E.D. Va. Dec. 27, 2006)). It is against this backdrop that the Court will address Younan's motion.

### III.   ANALYSIS

**A.   Venue is proper in the Eastern District of Virginia under section 1391(b)(2).**

At the outset, Younan argues that the Eastern District of Virginia is an improper venue because California law prohibits the selection of a mandatory forum outside California in a franchise agreement involving a franchise operating in California. Def.'s Br. 4–6; *see* Cal. Bus. & Prof. Code § 20040.5. Younan contends that because the franchise under dispute is located in California, the state's venue laws should apply. Def.'s Br. 4–6. Younan's argument fails because *federal* rules and statutes *exclusively* govern the venue analysis in a federal court. *See Atl. Marine Const. Co.*, 571 U.S. at 55; *Coastal Machs. Co., Inc. v. Def. Acquisition Program Admin.*, 79 F. Supp. 3d 606, 609 (E.D. Va. 2015). Thus, the Court must use the provisions of 28 U.S.C. § 1391, not section 20040.5 of the California Business and Professions Code, to determine whether venue is proper.

Venue is proper in a federal district court if a "substantial part of the events" giving rise to the alleged claim occurred in the district. 28 U.S.C. § 1391(b)(2). The venue requirement may be

satisfied if the disputed contract is signed in the district, a party communicated to another party in

the district, or monies are paid to a party in the district. *See Div. Access Control, Inc. v. Landrum*,

No. 3:06cv414, 2007 WL 1238607, at \*5 (E.D. Va. Apr. 27, 2007) (holding that venue was proper,

in part, because "[t]he claims of breach of contract and breach of fiduciary duty are founded upon

the employment contract signed in, formed under, and governed by Virginia and its laws"); *Prod.*

*Grp. Int'l, Inc. v. Goldman*, 337 F. Supp. 2d 788, 799 (E.D. Va. 2004) (holding that venue was

proper when the defendant communicated with and visited the plaintiff in plaintiff's headquarters,

which was located in the district); *Cent. Progressive Bank v. Kuntz*, No. 08–4147, 2008 WL

5264260, at \*5 (E.D. La. Dec. 17, 2008) (holding in a loan guarantee dispute that venue was proper

in the district where the loan proceeds were paid and the defendants failed to repay the loan).

Although Younan advances no argument directly referencing section 1391(b), he implies

that no part of events giving rise to JTH Tax's claims took place in this district. He states that the

negotiations for the franchise agreement, the franchisee training, reporting to JTH Tax, supervision

by JTH Tax, and hiring of franchisee personnel took place outside of Virginia. Def.'s Br. 2.

Despite these claims, JTH Tax has carried its burden of making a prima facie showing of venue

by demonstrating that a "substantial part of the events . . . giving rise to the claims" against Younan

occurred in the Eastern District of Virginia. *See* 28 U.S.C. § 1391(b)(2); *Symbology Innovations*,

282 F. Supp. 3d at 925. The following substantial events took place in this district: (1) the parties

agreed that the franchise agreements would become effective upon acceptance by JTH Tax in

Virginia, Compl. Ex. A, § 17(a); (2) under the franchise agreements, Younan paid monies owed

to JTH Tax in Virginia, Decl. of Rory Walters in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss

or in the Alternative to Transfer Venue ¶ 6, ECF No. 22-4; (3) JTH Tax's proprietary franchise

system, confidential information, and tax preparation software at issue were developed,

maintained, administered, and sent from Virginia, Decl. of Brian Ashcraft in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss or in the Alternative to Transfer Venue ¶¶ 11–13, 15; and (4) JTH Tax conducted email communications with Younan through its personnel located in Virginia, Decl. of Gerald Crawford in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss or in the Alternative to Transfer Venue ¶¶ 7–9, ECF No. 22-3.

Even if more significant events and omissions giving rise to JTH's claims occurred outside of Virginia, that does not mean that venue in this district is improper. Venue may be proper in multiple judicial districts, and the plaintiff's chosen venue need not be where *most of* the substantial events took place. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *T. & B. Equip. Co. v. RI, Inc.*, No. 3:15cv337, 2015 WL 5013875, at *3 (E.D. Va. Aug. 24, 2015) (holding that the plaintiff's chosen venue is proper even when "a greater part of the events occurred elsewhere"). Given that the record discloses that a substantial part of the events and omissions giving rise to JTH Tax's claims occurred in this district, venue is proper pursuant to section 1391(b)(2).

**B.     Transfer is inappropriate because of the valid forum selection clause specifying the Eastern District of Virginia.**

Alternatively, Younan seeks to change venue under 28 U.S.C. § 1404(a). Def.'s Br. 6. Generally, in determining whether transfer is appropriate, courts consider these factors: (1) plaintiff's chosen forum; (2) private interests such as witness and party convenience; and (3) the public interest of justice. *Lee*, 482 F. Supp. 2d at 736. However, when the parties have agreed to a venue through a valid forum selection clause, the calculus for addressing section 1404(a) venue transfer factors changes. In *Atlantic Marine*, 571 U.S. at 62–63, the Supreme Court held that the parties' choice of venue is given "controlling weight," and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties" should courts disregard that choice.

The Court further instructed that, when analyzing section 1404(a) venue transfer in the presence of a valid forum selection clause, courts should give no weight to "the plaintiff's choice of forum" and convenience of parties and witnesses, thus "consider[ing] arguments about public-interest factors only." *Id.* at 63–64. This is because parties that have contractually agreed to a forum-selection clause "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64; *see also Beatgasm, LLC v. Punchkick Interactive, Inc.*, No. 2:14cv611, 2015 WL 4394260, at *2–5 (E.D. Va. June 25, 2015) (applying *Atlantic Marine* to the section 1404(a) analysis and, after considering only the public interest factors, transferring case pursuant to a valid forum selection clause).

To determine whether a forum selection clause is valid in the context of determining the appropriate venue, courts apply federal law.[3] *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The party challenging the forum selection clause bears a "heavy burden of proof" to show that the selected venue is unreasonable. *Id.* at 17. Factors that weigh upon whether a forum selection clause is unreasonable are whether: (1) the clause arose from fraud or the over-reaching behavior of a party; (2) the complaining party

---

[3] Younan asserts that California law governs the validity of the forum selection clause despite the franchise agreement's choice of Virginia law. Def.'s Br. 4–6. He concludes that because California law governs, the forum selection clause choosing this district is invalid under California's Business and Professional Code, which prohibits franchise agreements from selecting a non-California venue. *Id.*; *see* Cal. Bus. & Prof. Code § 20040.5. However, this argument about which state's law governs the validity of the forum selection clause confuses the matter because neither state's law applies here: "a [federal] court . . . analyzing a forum selection clause . . . will apply *federal* law and in doing so, give effect to the parties' agreement." *Albemarle Corp. v. AstraZeneca UK, Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (emphasis added).

"will for all practical purposes be deprived of his day in court" due to grave inconvenience or unfairness; (3) the fundamental unfairness of the law that the parties chose may deprive the plaintiff of a remedy; and (4) enforcement would contravene a strong public policy of the forum state. *Albemarle Corp.*, 628 F.3d at 651.

As Younan acknowledges, he agreed that this district is a proper venue in the franchise agreements. Def.'s Br. 2; Compl. Ex. A, § 17(b). Younan does not argue that there was fraud or overreach in the formation of the forum selection clause, or that Virginia law, which the parties chose, is fundamentally unfair. *See* Def.'s Br. 3–6; *see also* Compl. Ex. A, § 17(a) (parties agreeing that "Virginia law governs all claims that in any way relate to or arise out of" the franchise agreements). Although he briefly states that he would have difficulty producing some witnesses in this district and would experience "severe financial hardship," Def.'s Br. 7–8, Younan has not satisfied the "heavy burden of proof" to show that he would suffer grave inconvenience that would effectively deprive him of his day in court. *M/S Bremen*, 407 U.S. at 17; *Albemarle Corp.*, 628 F.3d at 651.

Lastly, Younan has failed to establish that enforcement of the forum selection clause would contravene a public policy of the forum state, which is Virginia, where JTH Tax has filed this suit. *See M/S Bremen*, 407 U.S. at 15 (explaining that a forum selection clause would be unenforceable if it violates "a strong public policy of the *forum in which suit is brought*" (emphasis added)); Def.'s Br. 4–6. As Virginia favors enforcement of forum selection clauses, no public policy bars the parties' selection of venue in this district. *See Paul Bus. Sys., Inc. v. Canon U.S.A.*, Inc., 397 S.E.2d 804, 808 (Va. 1990) ("[T]oday we have expressly sustained the validity of [forum selection

clauses], approved their use, and enforced them."). Thus, the forum selection clause is valid and Younan has failed to show that enforcing it is unreasonable.[4]

As the parties' choice of forum is valid, the Court will give it "controlling weight" in determining whether to transfer venue under section 1404(a), while disregarding factors such as JTH Tax's initial choice of forum and inconvenience of the parties and witnesses. *Atl. Marine Const. Co.*, 571 U.S. at 63–64. Even the public-interest factors do not favor Younan because he does not sufficiently address whether the proposed transfer would serve the interest of justice. *See Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 872 (E.D. Va. 2013) (explaining that, in the venue transfer context, factors relating to interest of justice are: "(1) the pendency of a related action, (2) the court's familiarity with the applicable law, (3) docket conditions, (4) access to premises that might have to be viewed, (5) the possibility of an unfair trial, (6) the ability to join other parties, (7) the possibility of harassment, and (8) the interest of having local controversies decided at home"). For example, Younan does not claim that a related action or other parties in the Central District of California must be joined with the current action, premises in that district must be

---

[4] Younan cites *JTH Tax, LLC v. Leggat*, No. 2:22cv41, 2022 WL 3970197, at *3–4 (E.D. Va. Aug. 31, 2022), in support of the argument that transfer is appropriate. Def.'s Br. 8. In *Leggat*, the parties signed a "California Addendum" to the franchise agreement that stated, "California Business and Professions Code Sections 20000 through 20043 provide rights to the franchisee concerning termination or non-renewal of a franchise. If the franchise agreement contains a provision that is inconsistent with the law, the law will control. . . . The franchise agreement requires application of the laws of the state of Virginia. This provision may not be enforceable under California law." *JTH Tax v. Leggat*, 2022 WL 3970197, at *3. The Court granted Leggat's motion to transfer, finding the forum selection clause was not valid where inconsistent with the California law, "as the parties intended portions of the agreement to be governed by California law," and "[t]he California Addendum implies that franchisee disputes would be litigated in California." *Id.* at *4, *6–8. Unlike the addendum in *Leggat*, the "California Addendum to the Franchise Agreement" Younan signed does not reference California Business and Professions Code Sections 20000 through 20043, the choice of law provision, or the forum selection clause. *See* Compl. Ex. A, 32–33.

viewed, or he would be subject to an unfair trial or harassment in this district.[5] *See* Def.'s Br. 8. As to other factors, to the extent Virginia law applies, there is an interest in having a court familiar with the substantive law resolve the conflict. *See comScore, Inc. v. Integral Ad Science, Inc.*, 924 F. Supp. 2d 677, 691 (E.D. Va. 2013). Furthermore, docket conditions, as represented by the median time from filing to disposition for civil cases, suggest the case will be disposed of faster in this district than in the Central District of California. *See United States District Courts—National Judicial Caseload Profile*, United States Courts, https://www.uscourts.gov/sites/default/files/data_tables/ fcms_na_distprofile0930. 2022.pdf (last visited Mar. 1, 2023).

Younan has failed to establish that "extraordinary circumstances unrelated to the convenience of the parties," such as the interest of justice, justify disregarding the parties' contractual venue selection. *Atl. Marine Const. Co.*, 571 U.S. at 62; *see U.S. for Use & Benefit of Allan Myers VA, Inc. v. Westfield Ins. Co.*, 575 F. Supp. 3d 621, 626 (E.D. Va. 2021) (holding that, where there was a valid forum selection clause, venue transfer was not justified because there was no extraordinary circumstance involving public interest). Accordingly, the Court gives "controlling weight" to the parties' selection of this district and determines that a transfer to the Central District of California would be unwarranted. *Atl. Marine Const. Co.*, 571 U.S. at 63.

## IV.    RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that Younan's motion to dismiss or, in the alternative, to transfer venue (ECF No. 16) be **DENIED.**

---

[5] Younan argues that the fundamental policy of California law favors transfer because it protects franchisees, but that argument falls outside the scope of the public interest that the interest-of-justice factor addresses under section 1404(a). California law might be relevant as far as the public policy of California is concerned, but the local policies are irrelevant to the "systemic integrity and fairness" concerning the federal judicial system as a whole. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. at 30. Thus, following relevant precedent, this Court considers the interest-of-justice factors mentioned in *Virginia Innovation Sciences, Inc.*, 928 F. Supp. 2d at 872.

## V.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve on the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 1, 2023