IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, LLC,

      Plaintiff,

      v.

BASSAM YOUNAN d/b/a ZAYA
FINANCIAL GROUP,

      Defendant.

Case No. 2:22-cv-383

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Bassam Younan's Motion to Dismiss or in the Alternative to Transfer Venue. ECF No. 16. The Court has considered the arguments of counsel for both parties[1] and determined there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the defendant's motion is **DENIED**.

## I.  BACKGROUND

Plaintiff JTH Tax, LLC ("JTH"), a Delaware company with its principal place of business in Virginia Beach, Virginia (ECF No. 1 ¶ 8–9), franchises tax preparation businesses nationwide. Defendant Bassam Younan is a California resident. ECF No. 1 ¶ 10. In 2016, the defendant entered into two agreements with JTH—one to operate a Liberty Tax franchise and another to operate a SiempreTax franchise. ECF No. 1 ¶

---

[1] The defendant's former counsel filed the instant motion but has since withdrawn. *See* ECF No. 37. The defendant is currently proceeding *pro se*.

1; ECF Nos. 1-1 (Liberty franchise agreement), 1-2 (SiempreTax franchise agreement). Pursuant to those agreements, the defendant operated two tax preparation businesses, both in North Hollywood, California. ECF No. 1 ¶ 2. JTH terminated the franchise agreements in January 2022. *Id.* ¶ 4.

The parties' two franchise agreements contain identical choice-of-law clauses that purport to select Virginia law but disclaim the Virginia Retail Franchising Act ("VRFA") (ECF No. 1-1 ¶ 17.a.; ECF No. 2-2 ¶ 17.a.) and identical choice-of-venue clauses that select the United States District Court for the Eastern District of Virginia, Norfolk Division (ECF No. 1-1 ¶ 17.b.; ECF No. 2-2 ¶ 17.b.). Appended to the Liberty agreement is a "California Addendum" (ECF No. 1-1 at 32–33), which includes a reference to the California Franchise Relations Act ("CFRA") (*id.* at 33). The SiempreTax agreement has no such addendum.[2]

On September 13, 2023, JTH filed a complaint seeking damages and injunctive relief based on the defendant's alleged breach of the two franchise agreements and alleged conversion of JTH property. The defendant filed a motion to dismiss or transfer the action, arguing that the CFRA invalidates the forum-selection clauses in the franchise agreements and that venue is otherwise improper in this district. *See generally* ECF Nos. 16 (motion), 17 (memorandum). The Honorable Robert J. Krask considered the parties' briefs and provided a Report and Recommendation advising

---

[2] The CFRA, Ca. Bus. & Prof. §§ 20000–20043, includes a rule that purports to void forum-selection terms in franchise agreements where those terms would require claims related to franchises operating within California to be brought outside California. *Id.* § 20040.5. The law also purports to prohibit waiver of the CFRA's protections. *Id.* § 20010.

this Court to deny the motion on both grounds. *See generally* ECF No. 29. The defendant timely filed an objection (ECF No. 30), and JTH replied (ECF No. 31).

## II.    LEGAL STANDARDS

A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Where *de novo* review is appropriate, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The district court may "accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### A.    Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3)

"Rule 12(b)(3) allow[s] dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 50 (2013) (referring to 28 U.S.C. § 1391).

Under § 1391, "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

> In determining whether events or omissions are sufficiently substantial to support venue under the amended [§ 1391], a court should not focus only on those matters that are in dispute or that directly led to the filing

3

> of the action. Rather, it should review the entire sequence
> of events underlying the claim.

*Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

> If a case falls within one of § 1391(b)'s districts, venue is
> proper; if it does not, venue is improper, and the case must
> be dismissed or transferred under § 1406(a). Whether the
> parties' contract contains a forum-selection clause has no
> bearing on whether a case falls into one of the specified
> districts.

*Atl. Marine*, 571 U.S. at 50; *see also id.* at 58 (crediting the reasoning from dicta in

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 n. 2 (1988), that "the District Court

properly denied the motion to dismiss the case for improper venue under 28 U.S.C. §

1406(a) because respondent apparently does business in the [district where suit was

filed].")

## B.    Motion to Transfer Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any

other district or division where it might have been brought or to any district or

division to which all parties have consented," "[f]or the convenience of parties and

witnesses, in the interest of justice."

"District courts within this circuit consider four factors when deciding whether

to transfer venue [under § 1404(a)]: (1) the weight accorded to plaintiff's choice of

venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the

interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v.

Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

"[W]hen the parties' contract contains a valid forum-selection clause, that clause represents their agreement as to the most proper forum and should be given controlling weight in all but the most exceptional cases." *Atl. Marine,* 571 U.S. at 51 (citing *Stewart*, 487 U.S. at 31).[3]

---

[3] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas* prescribes an altered analysis in cases where the defendant seeks to enforce a valid choice-of-venue clause to transfer an action from the plaintiff's chosen venue to the contractually selected forum:

> Normally, a district court considering a § 1404(a) motion must evaluate both the private interests of the parties and public-interest considerations. But when the parties' contract contains a valid forum-selection clause, that clause represents [their] agreement as to the most proper forum and should be given controlling weight in all but the most exceptional cases.

571 U.S. 49, 51 (2013) (internal punction and citations omitted). That principle is not precisely on point here, because JTH has filed suit in the forum identified in the franchise agreements, and the defendant seeks to transfer it elsewhere.

In cases where the defendant has sought transfer away from the contractually selected forum, some courts within this circuit have applied the altered *Atlantic Marine* analysis, considering only whether public interest makes the contractually selected forum unreasonable. *See, e.g., Invictus Aerospace Grp., LLC v. Point Blank Enterprises, Inc.*, No. 1:19-cv-2983, 2020 WL 2085464, at *13 (D. Md. Apr. 30, 2020). Other courts, even after *Atlantic Marine*, have considered both private- and public-interest factors but given greater weight to the plaintiff's choice of venue when it accords with the forum-selection clause. *See, e.g., ARCpoint Fin. Grp., LLC v. Blue Eyed Bull Inv. Corp.*, No. 6:18-cv-00235, 2018 WL 2971205, at *6 (D.S.C. June 13, 2018); *see also JTH Tax, Inc. v. Whitaker*, No. 2:07-cv-170, 2007 WL 2126300, at *3 (E.D. Va. July 16, 2007) (decided before *Atlantic Marine* but explaining that "the presence of a forum selection clause is relevant within the Court's § 1404(a) analysis both in terms of Plaintiff's choice of forum and the interests of justice").

In the instant case, the outcome would be the same whether the Court considered the private interest factors the defendant advanced or not. Therefore, the Court declines to take a position on whether *Atlantic Marine*'s altered analysis applies to cases

Forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal punctuation omitted); *see Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (finding that *The Bremen*'s "rationale is applicable to forum selection clauses generally," "[e]ven though *The Bremen* was an admiralty case").

> Under *The Bremen,* a forum selection clause may be found unreasonable if: (1) its formation was induced by fraud or over-reaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state.

*Albemarle*, 628 F.3d at 651 (internal citation and punctuation omitted).

## III.   ANALYSIS

### A.   Motion to Dismiss

The defendant argues that the CFRA, by prohibiting venue-selection clauses that mandate non-California fora, renders venue improper in Virginia. ECF No. 17 at 4. The defendant is incorrect, because the supremacy of the federal venue statute

---

where the defendant seeks to avoid the contractually selected venue rather than enforce a forum-selection clause.

Following the pattern set by its sister courts in cases where JTH franchisees have sought to transfer actions away from this district, *see JTH Tax, Inc. v. Callahan*, No. 2:12-cv-691, 2013 WL 3035279, at *6 (E.D. Va. June 16, 2013); *Whitaker*, No. 2:07-cv-170, 2007 WL 2126300, at *3, this Court will consider both public- and private-interest factors under 28 U.S.C. § 1404(a), and the presence of a valid forum-selection clause will figure into its analysis, under the rubric of "the weight accorded to plaintiff's choice of venue." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund*, F.3d at 444.

does not give way to any state statute. *Cf. Stewart,* 487 U.S. at 31 (discussing supremacy of the federal statute governing transfer of venue). Thus, the Court proceeds with the § 1391 analysis without regard to the CFRA.[4]

In his objection to Judge Krask's Report and Recommendation, the defendant acknowledged "that [a]cceptance of the contract . . . but not its negotiation," "payment of fees from California," development and maintenance of "confidential information," and "emails, unspecified as to subject, import, or frequency" all took place in Virginia. ECF No. 30 at 5. However, the defendant suggested that these events were too few to constitute "a substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2); *see* ECF No. 30 at 5 (arguing that 'substantial' cannot mean 'any'").[5]

---

[4] For the proposition that courts in this district consider state policy interests in deciding motions to dismiss, the defendant cites *Lambert v. Navy Fed. Credit Union*, No. 1:19-cv-103, 2019 WL 3843064, at *6 (E.D. Va. Aug. 14, 2019). There, the district court dismissed a claim brought under a North Carolina consumer protection statute because the parties had explicitly selected Virginia law to govern their disputes. The court's decision in *Lambert* relied in part on the fact that the plaintiff failed to show that dismissal would be contrary to North Carolina's fundamental policy.

*Lambert* does not bind this Court, but it also does not contradict the Court's reasoning under *Atlantic Marine*. In *Lambert*, the court decided a motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), based on a choice-of-law provision in the parties' contract. Here, in contrast, the defendant has brought a motion to dismiss for improper venue, under Rule 12(b)(3), and the operative contract provision deals with choice of venue. *Lambert* concluded, in essence, that the plaintiff could not import a cause of action from another state to enforce against a defendant who had contracted to be governed only by Virginia law. *Lambert* did not deal with venue at all, and it does not factor into the Court's reasoning on the defendant's motion to dismiss.

[5] The defendant appears to have applied an outdated standard. Before a 1990 amendment to § 1391, courts in the Fourth Circuit employed a "weight of the

Courts in this district have found that a contract "signed in, formed under, and governed by Virginia and its laws" can form the basis for venue. *Div. Access Control, Inc. v. Landrum*, No. 3:06-cv-414, 2007 WL 1238607, at *5 (E.D. Va. Apr. 27, 2007). So, too, can a "defendant's communications with and visits to" a "plaintiff's Virginia headquarters . . . located in this district," when those communications and visits "come within the sequence of events underlying the claim." *Prod. Grp. Int'l, Inc. v. Goldman*, 337 F. Supp. 2d 788, 799 (E.D. Va. 2004) (internal citations and quotation marks omitted). The Court also finds persuasive the Eastern District of Louisiana's decision that venue was proper where the plaintiff corporation's loan to the defendant originated in the district where the action was filed. *See Cent. Progressive Bank v. Kuntz*, No. 2:08-cv-4147, 2008 WL 5264260, at *5 (E.D. La. Dec. 17, 2008).

The defendant's two contracts became effective upon JTH's acceptance in this district (ECF No. 1-1 ¶ 17.a.; ECF No. 2-2 ¶ 17.a); the defendant made loan payments to JTH in this district (ECF No. 22-4 ¶ 6); the franchise system, tax preparation software, and confidential information the defendant used were developed in this district (ECF No. 22-1 ¶¶ 11–13); and the defendant communicated with JTH's technical and professional support personnel located in this district (ECF No. 22-3 ¶¶ 5–7).

Considering "the entire sequence of events underlying the claim," *Mitrano*, 377 F.3d at 405, the Court concludes that "a substantial part of the events or omissions

---

contacts" test to identify the district where venue would be *best*; but that test no longer applies, since the amendment made it "possible for venue to be proper in more than one judicial district." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

giving rise to the claim occurred" within the Norfolk Division of the Eastern District of Virginia, 28 U.S.C. § 1391(b)(2). Accordingly, the Court finds that venue is not "wrong" or "improper" in this district. *Atl. Marine*, 571 U.S. at 50; *see also* E.D. Va. Civ. R. 3(C) (establishing that venue is proper under 28 U.S.C. § 1391 in any *division* in which a substantial part of the events or omissions giving rise to the claim occurred). The defendant's motion to dismiss for improper venue is denied.

**B.    Motion to Transfer**

The Liberty franchise agreement contains the following choice-of-venue clause:

> In any suit brought by any or all of the Liberty Parties, that in any way relates to or arises out of this Agreement or any of the dealing of the dealings [sic] between you and any or all of the Liberty Parties, you consent to venue and personal jurisdiction in the state and federal court of the city or county of Liberty's National Office (presently Virginia Beach, Virginia state courts and the United States District Court in Norfolk, Virginia).

ECF No. 1-1 ¶ 17.b.[6] The SiempreTax agreement contains identical language, but "SiempreTax" replaces "Liberty." ECF No. 1-2 ¶ 17.b. In seeking to transfer the

---

[6] The clause provides a different rule for suits in which the franchisee is the plaintiff:

> In any suit brought against any or all of the Liberty Parties . . . that in any way relates to or arises out of this Agreement or any of the dealings between you and any or all of the Liberty Parties, venue shall be proper only in the federal district court and division located nearest Liberty's National Office (presently the U.S. District Court in Norfolk, Virginia) . . . .

ECF No. 1-1 ¶ 17.b; *see also* ECF No. 1-2 ¶ 17.b (identical except where "SiempreTax" replaces "Liberty").

instant action away from the contractually selected forum, the defendant argues that the choice-of-venue clause is invalid under Virginia law (ECF No. 30 at 7) and that the balance of the parties' interests and the interest of justice favors transfer (ECF No. 17 at 7–8; ECF No. 30 at 11–13). For the reasons explained below, both the defendant's arguments fail.

### i.   *The forum-selection clause is valid.*

The party challenging the validity of a forum-selection clause bears a "heavy burden of proof" to show that the selected venue is unreasonable. *The Bremen*, 407 U.S. at 10. [7]

---

[7] The defendant argues that Virginia law, not federal law, governs the enforceability of the forum-selection clauses. *See* ECF No. 30 at 5–7. It does not. "[W]hen a court is analyzing a forum-selection clause, which changes the default venue rules applicable to the agreement, that court will apply federal law and in doing so, give effect to the parties' agreement." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010).

The defendant asserts that *Albemarle* (1) applies only to federal courts exercising federal question jurisdiction, not to federal courts exercising diversity jurisdiction, and (2) only requires application of federal law to "*interpretation*" of forum-selection clauses, not their "*validity*." ECF No. 30 at 5–6 (emphasis in original). The defendant is incorrect on both points.

First, *Albemarle* was a diversity case, *see* 628 F. 3d at 650, so its holding applies to diversity cases. Second, the *Albemarle* court clearly considered whether to differentiate between enforceability and interpretation when it comes to applying federal law to forum-selection clauses, and it decided not to. *See* 628 F. 3d at 650. The court cited *Wong v. ParityGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009), for the proposition that, "in [diversity suits], the enforceability of the forum selection clause is governed by federal law," and *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988), for the principle that, "because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses." The *Albemarle* court acknowledged that the Seventh Circuit applies a different rule—the rule Defendant Younan wants—and determines the "validity . . . of a forum selection clause" based

As Judge Krask correctly observed,

> [The defendant] does not argue that there was fraud or overreach in the formation of the forum selection clause, or that Virginia law, which the parties chose, is fundamentally unfair. Although he briefly states that he would have difficulty producing some witnesses in this district and would experience "severe financial hardship," [the defendant] has not satisfied the "heavy burden of proof" to show that he would suffer grave inconvenience that would effectively deprive him of his day in court.

ECF No. 29 at 10 (internal citations omitted).

The defendant does, however, attempt to show that enforcement of the forum-selection clause would "contravene a strong public policy of the forum state," *Albemarle*, 628 F.3d at 651, as articulated in the VRFA, "to require franchisors to deal fairly with their franchisees with reference to all aspects of the franchise relationship and to provide franchisees more direct, simple, and complete judicial relief against franchisors who fail to deal in a lawful manner with them." ECF No. 30 at 9 (quoting Va. Code § 13.1-558).

---

on "the law of the jurisdiction whose law governs the rest of the contract." 628 F.3d at 650 (*quoting Abbott Labs. v. Takeda Pharm. Co.,* 476 F.3d 421, 423 (7th Cir.2007)). But the Fourth Circuit ultimately decided to adopt the "majority rule," not the Seventh Circuit's, and apply federal law to both inquiries. *Id.* at 650.

If the Court were to apply Virginia law to the enforceability question, the outcome would be the same, because Virginia's standard is similar to the standard under *The Bremen* and *Albemarle. See Paul Bus. Sys., Inv. v. Canon U.S.A., Inv.*, 240 Va. 337, 342 (1990) (Venue-selection clauses "are prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or affected by fraud or unequal bargaining power.").

11

In addition to selecting this court as a permissible venue for suits brought by JTH (ECF No. 1-1 ¶ 17.b.; ECF No. 2-2 ¶ 17.b.), the two franchise agreements contain choice-of-law clauses that purport to select Virginia law but disclaim the VRFA (ECF No. 1-1 ¶ 17.a.; ECF No. 1-2 ¶ 17.a.). The defendant argues that by choosing a Virginia venue—where the CFRA would not apply—but disclaiming the VRFA, JTH "drafted the Franchise Agreements . . . to deprive franchisees, such as Defendant, of the protection of *any* State's franchising laws." ECF No. 30 at 9 (emphasis in original). The defendant argues "[t]hat is unfair, unreasonable, and violates Virginia public policy." *Id.*

The Court assumes without deciding that the policy articulated in the VRFA is "a strong public policy" within the meaning of *The Bremen* and *Albemarle*. *Albemarle*, 628 F.3d at 651; *cf. Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581 (4th Cir. 2004) (discussing without deciding whether a similar Arkansas policy was "fundamental"). It may very well be that the franchise agreements' choice-of-*law* clauses violate that policy. *See* Va. Code Ann. § 13.1-571(c) ("Any condition, stipulation or provision binding any person to waive compliance with any provision of this chapter or of any rule or order thereunder shall be void."). However, the defendant has advanced no argument that the choice-of-*venue* clause does so on its own. Put differently, the Court cannot solve the problem the defendant raises by granting the relief he requests: Even if this case were transferred to the defendant's preferred venue, the choice-of-law clause would still purport to require the *California* court to apply Virginia law, excluding the VRFA. It is true that the

12

franchise agreements might deprive the defendant of rights to which he is entitled under the VRFA, and undoubtedly, the Court finds the plaintiff's actions on this point curious. But ultimately, the Court is tasked here with deciding the enforceability of the forum-selection clause. And on that point, the Court lacks sufficient evidence to determine *that* clause is unenforceable.

Simply put, despite identifying a Virginia policy related broadly to franchisor-franchisee relations, the plaintiff does not carry his burden to show that, "under the circumstances" presented, *The Bremen*, 407 U.S. at 10, enforcement of the forum-selection clause "would contravene a strong public policy of the forum state," *Albemarle*, 628 F.3d at 651. Accordingly, the Court finds that the parties' contractual choice of venue is valid and will give it due weight in the transfer analysis.

### ii.   *Balance of the § 1404(a) factors*

"District courts within this circuit consider four factors when deciding whether to transfer venue [under 28 U.S.C. § 1404(a)]: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Plumbers & Pipefitters*, 791 F.3d at 444.

### a.   *The plaintiff's choice of venue*

The Fourth Circuit has long recognized "the primary right of the plaintiff to choose his forum, a selection not easily to be overthrown." *Akers v. Norfolk & W. Ry. Co.*, 378 F.2d 78, 80 (4th Cir. 1967). Thus, the first factor in the § 1404(a) analysis is generally "given substantial weight as it is well settled that a court should rarely disturb a plaintiff's choice of forum unless the balance of hardships clearly favor

transfer." *Callahan*, 2013 WL 3035279, at *2. When a plaintiff chooses its "home forum," that choice is typically given great weight, and "a defendant seeking transfer bears the burden of demonstrating that the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought." *Id.* (emphasis in original) (citing *Board of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F. Supp. 1253, 1256 (E.D.Va.1988); *Koh v. Microtek Intern., Inc.,* 250 F.Supp.2d 627, 633 (E.D. Va. 2003)).

This Court adopts the reasoning of the Honorable Mark S. Davis, who, in *Callahan*, considered similar facts to those presented in the instant case:

> Here, JTH's headquarters and principal place of business are located in Virginia Beach, Virginia, which is within the Norfolk Division of the Eastern District of Virginia. JTH therefore plainly brought this action against Defendant in JTH's home forum . . . . In addition to the selection of its own forum, it is notable that the written franchise agreement between Plaintiff and Defendant expressly states that because JTH's National Office is located in Virginia Beach, this district and division are *an appropriate* federal forum for contract disputes *filed by JTH,* and *the only appropriate federal forum* for contract disputes filed *against JTH.* Given these facts, the Court finds that both JTH, and the instant contract dispute between JTH, as franchisor, and Defendant as franchisee, have sufficient ties to this district to afford substantial weight to JTH's selection of its home forum as the proper venue for litigating the instant lawsuit.

*Callahan*, 2013 WL 3035279, at *2–3 (internal citations and punctuation omitted) (emphasis in original); *cf. JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736–37 (E.D. Va. 2007) (making similar findings in a case where no forum-selection clause applied).

14

The first factor weighs heavily against granting the motion to transfer. "In order to overcome [the] substantial weight" due to the plaintiff's choice of venue, the defendant "must demonstrate that the deference due to JTH's choice is clearly outweighed by other factors." *Lee*, 482 F. Supp. 2d at 737.

### b.  *Witness convenience and access*

> Assessment of witness convenience and access generally requires a court to consider, among other things, the ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process. The moving party must provide reliable evidence identifying the witnesses involved and specifically describing their expected testimony.

*JTH Tax, Inc. v. Leggat*, 2:22-cv-41, 2022 WL 3970197, at *6 (E.D. Va. Aug. 31, 2022) (citing *Koh*, 250 F. Supp. 2d at 636) (internal citations and punctuation omitted).

Both parties have provided evidence that several of their possible witnesses are located in the parties' respective home states (*see* ECF Nos. 17 at 8 (list of defendant's witnesses), 22-2 (declaration of JTH's director of human resources, stating that the "vast majority of Liberty employees are located in Virginia")), but "[n]either party provided specific information" about their witnesses' "expected testimony," *see Lee*, 482 F. Supp. 2d at 737 (finding that witness convenience weighed against a defendant who did not produce affidavits to substantiate his claim that litigating in Virginia would be inconvenient). Thus, the second factor "weighs in neither party's favor." *Leggat*, 2022 WL 3970197, at *6.

### c.  *Convenience of the parties*

The defendant's motion asserts that litigating in Virginia "would also impose a severe financial hardship on Defendant himself." ECF No. 17 at 8. While JTH has

provided the affidavits of four potential witnesses who state that they live in Virginia, (ECF Nos. 21-1, 21-2, 21-3, 21-4), as the defendant points out, "the witness Plaintiffs selected to verify the Complaint, Geoff Knapp, does not live in Virginia but in Arizona" and may actually "be less inconvenienced if this case [were] transferred to the Southern District of California than if it remained [in Virginia]." ECF No. 17 at 8.

Courts have often decided that transferring an action to an individual defendant's preferred forum and away from the venue where a corporate plaintiff filed would merely "shift the balance of inconvenience" from the defendant to the plaintiff. *Lee*, 482 F. Supp. 2d at 737; *see Leggat*, 2022 WL 3970197, at *6; *Callahan*, 2013 WL 3035279, at *4. But this Court need not ignore the reality that the defendant is an individual who, according to JTH's allegations, is in debt more than $100,000 (ECF No. 1 at 46), whereas JTH is a corporation with the resources to litigate outside its home state. The Court concludes that the burden of inconvenience falls heavier on the defendant than on JTH, and therefore, the third factor weighs in favor of transfer.

### d.    *The interest of justice*

Courts in this district consider several factors relating to the interest of justice, including "(1) the pendency of a related action, (2) the court's familiarity with the applicable law, (3) docket conditions, (4) access to premises that might have to be viewed, (5) the possibility of an unfair trial, (6) the ability to join other parties, (7) the possibility of harassment, and (8) the interest of having local controversies decided at

16

home." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 872 (E.D. Va. 2013).

As Judge Krask correctly summarized, the defendant "does not claim that a related action or other parties in the Central District of California must be joined with the current action, premises in that district must be viewed, or he would be subject to an unfair trial or harassment in this district." ECF No. 29 at 12 (internal citations omitted). This controversy likely seems "local" to both parties, and both have an "interest in having [the case] decided at home." *Leggat*, 2022 WL 3970197, at *7. Similarly, "unfairness in burdening forum citizens with jury duty" would apply equally to either district. *Id.*

"Most persuasive, though, is the fact that this Court likely has much greater "familiarity with the applicable law" than the defendant's proposed alternative venue. *Va. Innovation Scis*, 928 F. Supp. 2d at 872. Not only does Virginia law apply, by contract, to the parties' dispute (*see* ECF No. 1-1 ¶ 17.a.; ECF No. 1-2 ¶ 17.a.), but by virtue of JTH's frequent litigation in this district, the Court is well acquainted with the issues that suits like this one typically raise.

Virginia's stated policy of providing judicial relief to protect franchisees from franchisors' unfair dealing also factors into the Court's analysis on the interest of justice. *See* Va. Code § 13.1-558. But while the franchise agreements' choice-of-law provisions may run afoul of that policy, their choice-of-venue clauses do not. *See* Part III.B.i., *supra*. On balance, the interest-of-justice factor weighs against granting the motion to transfer.

Having considered the factors it must, under § 1404(a), the Court concludes that the defendant has failed to "demonstrate that the deference due to JTH's choice is clearly outweighed by other factors." *Lee*, 482 F. Supp. 2d at 737. Accordingly, the motion to transfer is denied.

## IV.   CONCLUSION

After conducting a *de novo* review of the record and for the reasons stated herein, the Court **AFFIRMS** the Magistrate Judge's Report and Recommendation and **OVERRULES** the defendant's objections.

Defendant Bassam Younan's Motion to Dismiss or in the Alternative to Transfer Venue (ECF Nos. 16) is **DENIED**.

Pursuant to Fed. R. Civ. P. 12(a)(4)(a), the defendant is **DIRECTED** to file an answer to the complaint within 14 days of this Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the defendant and to all counsel of record.

The Clerk is **FURTHER DIRECTED** to send the defendant a copy of the Pro Se Reference Handbook.

**IT IS SO ORDERED.**

_____ /s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
September 1, 2023

18